# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TEOKA S. WILLIAMS,**
            Plaintiff,

v.

**BEAUMONT HEALTH,**
            Defendant.
_____/

**GAFKAY LAW, PLC**
**JULIE A. GAFKAY (P53680)    "DEMAND FOR JURY TRIAL"**
**Attorney for Plaintiff**
**175 S. Main Street**
**Frankenmuth, MI 48734**
**(989) 652-9240**
**jgafkay@gafkaylaw.com**
_____/

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**NOW COMES**, Plaintiff, Teoka S. Williams, by and through her

attorney, Gafkay Law, PLC, by Julie A. Gafkay and hereby files this

action against Defendant, Beaumont Health, as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Teoka S. Williams (hereinafter "Plaintiff"), is a citizen of the United States and resides in the County of Wayne, State of Michigan.

2. Defendant, Beaumont Health (hereinafter "Defendant"), is a not for profit corporation with locations in the State of Michigan.

3. This is a civil action brought pursuant to Federal claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. for racial discrimination. Plaintiff also asserts a state claim against Defendant pursuant to the Michigan Elliott-Larsen Civil Rights Act.

4. This Court has federal question jurisdiction over this case under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state claim.

5. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

6. On or about August 9, 2018, Plaintiff received a notice of right to sue from the Equal Employment Opportunity Commission.

## RELEVANT FACTS

7.    Plaintiff is African American.

8.    Plaintiff began working for Defendant in or around July of 2008 as a Registered Nurse at Beaumont Hospital in Dearborn, Michigan.

9.    Plaintiff is qualified for her position.

10.   On or about October 2, 2017, Plaintiff was assigned to work the midnight shift on 8 North.

11.   Plaintiff was assigned to care for the patients in room 881.  There were two patients in the room and Plaintiff was assigned to care for both at the start of her shift.

12.    Plaintiff went into room 881 and assessed the patients.

13.   After Plaintiff assessed the patient in 881-2, as she left she heard the patient say she did not want a "Black Bitch" taking care of her.

14.   Plaintiff went to the person in charge whom was a Clinical Manager named Crystal and told her about what the patient said.

15.   Plaintiff expected Crystal to inform the patient that Defendant does not accommodate requests for care based on race.

16.   Crystal talked to the patient who told her she did not want Plaintiff caring for her.

17. Crystal told the patient she was going to move Plaintiff and that the patient would not have to see Plaintiff anymore.

18. The Clinical Manager then told Plaintiff she was not to go in room 881 and if the patients needed care, a White nurse named Olivia was required to go in the room instead of Plaintiff.

19. During Plaintiff's shift, there were times the patients in room 881 needed care and Plaintiff was forbidden to provide them care based solely on her race.

20. Despite being denied access to the room to care for the patients in room 881, Plaintiff was still required by the manager to give a report to the oncoming nurse concerning the patients in room 881 at the conclusion of her shift.

21. Plaintiff complained to human resources of Defendant concerning the race discrimination.

22. Plaintiff was told by Defendant that patient requests are honored all the time and the next time it happened she would simply be taken off the assignment altogether.

23. Plaintiff felt harassed, humiliated and discriminated against because of the segregation of her job duties and being unable to

perform her job responsibilities because of her race.

24.    Plaintiff has suffered damages as a result of the above.

## COUNT I - 42 USC §1981 RACE DISCRIMINATION CLAIM AGAINST DEFENDANT WITH REGARD TO DENIAL OF ENJOYMENT OF ALL BENEFITS, PRIVILEGES, TERMS AND CONDITIONS OF EMPLOYMENT AND/ OR CONTRACTUAL RELATIONSHIP

25.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 24 above.

26.    Defendant intentionally discriminated against Plaintiff when it required she not care for a patient based solely on her race and segregated from room 881.

27.    The said racial discrimination related to Plaintiff's employment and/or contractual relationship with Defendant and she was denied the enjoyment of all benefits, privileges, terms and conditions of that relationship because of her race.

28.    Accordingly, Plaintiff hereby asserts a 42 U.S.C. § 1981 claim against Defendant.

29.    That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained segregation in her employment, reassignment, emotional distress

and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

## COUNT II - 42 USC §2000e RACE DISCRIMINATION CLAIM

30.  Plaintiff incorporates by reference paragraphs 1 through 29.

31.  At all material times, Defendant was an employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

32.  Plaintiff's race was a factor that made a difference in Defendant's decision to subject her to the discriminatory treatment and segregation described above.

33.  Defendant, by its agents, representatives, and employees, was predisposed to discriminate based on race and acted in accordance with that predisposition.

34.  Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

35.  If Plaintiff had been White, she would not have been treated in the manner described.

36.    That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained segregation in her employment, reassignment, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

## COUNT III – MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT RACE DISCRIMINATION CLAIM AGAINST DEFENDANT AS TO DENIAL OF BENEFITS, PRIVILEGES, TERMS, AND CONDITIONS OF EMPLOYMENT

37.    Plaintiff incorporates by reference paragraphs 1 through 36.

38.    At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

39.    Plaintiff's race was at least one factor that made a difference in Defendant's decision to segregate Plaintiff from the patient room on or about October 2, 2017.

40.    Had Plaintiff been a White person, she would not have been denied the opportunity to fulfill her job duties.

41. Defendant, through its agents, representatives, and employees, was predisposed to discriminate based on race and acted in accordance with that predisposition.

42. Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

43. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life.

WHEREFORE, Plaintiff, Teoka S. Williams, requests that this Honorable Court enter judgment against Defendant for the following relief:

1. An award to Plaintiff of compensatory damages sufficient to compensate her for mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendant's actions.

2. An award to Plaintiff of punitive damages against Defendant as a result of the reckless indifference with which it violated Plaintiff's rights under the law.

3.     An award to Plaintiff of the costs and disbursements of this action, including reasonable attorney fees pursuant to statute.

4.     An award to Plaintiff of other and additional legal and/or equitable relief to which she may be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in the above-captioned

Respectfully submitted,

GAFKAY LAW, PLC

Dated: 8/14/2018                 s/Julie A. Gafkay
                                 Julie A. Gafkay (P53680)
                                 Attorney for Plaintiff
                                 175 S. Main Street
                                 Frankenmuth, MI 48734
                                 (989) 652-9240
                                 jgafkay@gafkaylaw.com