# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TEOKA S. WILLIAMS,

    Plaintiff,

vs.

BEAUMONT HEALTH SYSTEM,

    Defendant.

Case No. 2:18-cv-12522-VAR-MKM

Hon. Victoria A. Roberts

| | |
|---|---|
| Julie A. Gafkay (P53680)<br>GAFKAY LAW, PLC<br>Attorneys for Plaintiff<br>175 S. Main Street<br>Frankenmuth, Michigan 48734<br>(989) 652-9240<br>jgafkay@gafkaylaw.com<br>Attorneys for Plaintiff | Regan K. Dahle (P53975)<br>Michael R. Griffie (P79836)<br>BUTZEL LONG, PC<br>301 East Liberty, Suite 500<br>Ann Arbor, Michigan 48104<br>(734) 995-3110<br>dahle@butzel.com<br>griffie@butzel.com<br>Attorneys for Defendant Beaumont<br>Health System |

## DEFENDANT BEAUMONT HEALTH SYSTEM'S MOTION
## TO QUASH SUBPOENAS AND STRIKE DEPOSITION NOTICES

Defendant Beaumont Health System ("Beaumont"), by its attorneys, BUTZEL LONG, P.C., moves this Court pursuant to Fed. R. Civ. P. 30(b) and Fed. R. Civ. P. 45(d)(3)(a)(i) to quash the subpoenas and strike the deposition notices

issued by Plaintiff for Cynthia Marks, Cathy Forte, Leah Bonanno, Olivia Moylan and Shakina Kolando, and states the following in support of its motion[1]:

1. Plaintiff filed her Complaint against Beaumont on August 14, 2018.

2. On August 6, 2018, Plaintiff sought and secured a statement from Olivia Moylan regarding the event surrounding her eventual lawsuit.

3. On August 8, 2018, Plaintiff sought and secured a statement from Leah Bonanno regarding the event surrounding her eventual lawsuit.

4. On August 26, 2018, Plaintiff sought and secured a statement from Cynthia Marks regarding the event surrounding her lawsuit.

5. Plaintiff sought and secured an undated statement from Shakina Kolando regarding the event surrounding her lawsuit.

6. Upon information and belief, Plaintiff sought and secured a statement from Cathy Forte regarding the event surrounding her lawsuit, although Plaintiff has not produced that statement.

7. On November 7, 2018, this Court entered a Rule 16 Scheduling Order where the deadline for completing discovery was scheduled for February 28, 2019.

---

[1] Plaintiff also issued a deposition notice for David Squire. Mr. Squire was scheduled to be deposed last week but, due to a family emergency, was unable to appear. Defendant does not object to Plaintiff deposing Mr. Squire after the close of discovery, although Defendant will not be able to produce Mr. Squire on February 28, 2019.

8. On February 25, 2019, Beaumont received subpoenas (without the required witness fees) and deposition notices for Olivia Moylan, Leah Bonanno, Cynthia Marks, Shakina Kolando and Cathy Forte, commanding them to appear for deposition two days later on February 27, 2019 -- one day prior to the deadline for completing discovery.

9. Plaintiff has known about each of these witnesses since at least August 2018 when she sought their written statements. Indeed, she has known about them for much longer than that, as they all worked with her on the night that is at issue in this lawsuit.

10. These deposition notices and subpoenas did not comply with Fed. R. Civ. P. 30(b) and Fed. R. Civ. P. 45(d)(3)(a)(i), which require that witnesses be given reasonable notice of their required appearances.

11. Two days' notice for the depositions of five witnesses does not provide the witnesses or Defendant adequate time to prepare for the depositions.

12. Furthermore, noticing the depositions of five witnesses--all known to Plaintiff since the day she filed her lawsuit--three days before the close of discovery is unreasonable and demonstrates a lack of diligence on the part of Plaintiff.

13. Good cause does not exist to extend the deadline for completing discovery in this case. As noted previously, Plaintiff did not just recently stumble across the names of these witnesses; she procured written statements from them at

least six months ago, and there is no legitimate reason why Plaintiff could not have deposed these witnesses prior to the close of discovery.

WHEREFORE, Defendant William Beaumont Hospital respectfully requests that, pursuant to Fed. R. Civ. P. 30(b) and Fed. R. Civ. P. 45(d)(3)(a)(i), this Court quash the subpoenas and strike the deposition notices emailed to Defendant on February 25, 2019, and award Defendant the costs and fees incurred in bringing this Motion.

Concurrence in this Motion was sought, but denied, on February 26, 2019.

Respectfully submitted,

BUTZEL LONG

By: /s/ Regan Dahle
Regan K. Dahle (53975)
Michael R. Griffie (P79836)
301 East Liberty, Suite 500
Ann Arbor, Michigan 48104
(734) 995-3110
dahle@butzel.com
griffie@butzel.com

Dated: February 28, 2019

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TEOKA S. WILLIAMS,

    Plaintiff,

vs.

BEAUMONT HEALTH SYSTEM,

    Defendant.

Case No. 2:18-cv-12522-VAR-MKM

Hon. Victoria A. Roberts

| | |
|---|---|
| Julie A. Gafkay (P53680)<br>GAFKAY LAW, PLC<br>Attorneys for Plaintiff<br>175 S. Main Street<br>Frankenmuth, Michigan 48734<br>(989) 652-9240<br>jgafkay@gafkaylaw.com<br>Attorneys for Plaintiff | Regan K. Dahle (P53975)<br>Michael R. Griffie (P79836)<br>BUTZEL LONG, PC<br>301 East Liberty, Suite 500<br>Ann Arbor, Michigan 48104<br>(734) 995-3110<br>dahle@butzel.com<br>griffie@butzel.com<br>Attorneys for Defendant Beaumont<br>Health System |

## DEFENDANT BEAUMONT HEALTH SYSTEM'S BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND STRIKE DEPOSITION NOTICES

## TABLE OF CONTENTS

ISSUES PRESENTED .................................................................................... ii

TABLE OF AUTHORITIES............................................................................iii

BACKGROUND FACTS................................................................................. 1

ARGUMENT .................................................................................................... 2

CONCLUSION ................................................................................................. 5

## ISSUES PRESENTED

I. Did Plaintiff provide reasonable notice of the depositions of Olivia Moylan, Cathy Forte, Shakina Kolando, Leah Bonanno and Cynthia Marx, as required by Fed. R. Civ. P. 30(b) and Fed. R. Civ. P. 45(d)(3)(a)(i), when she emailed deposition notices and subpoenas to Defendant two days before the depositions and three days before the close of discovery?

Defendant answers, "No."


II. Does good cause exist under Fed. R. Civ. P. 16(b) to modify the Scheduling Order in this case to extend discovery to allow Plaintiff to take the depositions of Olivia Moylan, Cathy Forte, Shakina Kolando, Leah Bonanno and Cynthia Marx, where Plaintiff knew that these witnesses may have discoverable information prior to filing her lawsuit?

Defendant answers, "No."

# TABLE OF AUTHORITIES

**Cases**

*Burket v. Hyman Lippitt*, P.C., No. 05-72110, 2008 WL 731604 (E.D. Mich., March 17, 2008) ............................................................................................. 3

*E.E.O.C. v. Chrysler LLC*, No. 07-CV-12986, 2008 WL 2622948 (E.D. Mich. July 2, 2008) .......................................................................................................... 5

*Freeman v. City of Detroit*, No. 09-CV-13184, 2011 WL 1298174 (E.D. Mich., April 5, 2011) ................................................................................................ 3

*United States v Philip Morris Inc.*, 312 F. Supp. 2d 27 (D. D.C. 2004) .................... 3

**Rules**

Fed. R. Civ. P. 45(d)(3)(A) ..................................................................................... 2
Fed. R. Civ. P. 30(b) ............................................................................................... 2

## I. BACKGROUND FACTS

On August 14, 2018, Plaintiff Teoka Williams filed her Complaint and Demand for Trial by Jury against Beaumont. (Dkt. No. 1) In her Complaint, Plaintiff alleged that she "felt harassed, humiliated and discriminated against because of the segregation of her job duties and being unable to perform her job responsibilities because of her race." (Id., ¶23). These allegations stem from an incident where Plaintiff alleges that she overheard a patient state that she did not want an African-American nurse.

In an attempt to corroborate her allegations, in August 2018, Plaintiff sought and secured statements from Olivia Moylan, Leah Bonanno and Cynthia Marks regarding the incident involving the patient. Plaintiff also sought and secured a statement from Shakina Kalondo regarding this incident; this statement is not dated. Upon information and belief, Plaintiff also sought a statement from Cathy Forte, although Plaintiff has not produced that statement.

These witness statements collected by Plaintiff prior to filing her lawsuit show unequivocally that Plaintiff was aware of these potential witnesses from the onset of this litigation. Yet, it was not until February 25, 2019, three days before the close of discovery, that Beaumont received five subpoenas and deposition notices commanding Olivia Moylan, Leah Bonanno, Cynthia Marks, Shakina Kolando and Cathy Forte to testify two days later on February 27, 2019. (Exhibit 1) These

subpoenas and deposition notices did not comply with the Federal Rules of Civil Procedure and should be quashed and stricken.

## II. ARGUMENT

**A.     The Subpoenas Should Be Quashed and the Deposition Notices Stricken.**

As to depositions upon oral examination, Fed. R. Civ. P. 30(b) provides in relevant part that, "[a] party who wants to depose a person by oral questions must give <u>reasonable written notice</u> to every other party . . . ." Fed. R. Civ. P. 30(b) (emphasis added). Similarly, as to testimony commanded by subpoena, Fed. R. Civ. P. 45(d)(3)(A) states:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . fails to allow a <u>reasonable time</u> to comply.

Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).

Plaintiff did not provide reasonable notice to Defendant of the depositions of Moylan, Marks, Bonanno, Forte and Kolando. In fact, courts have held that the length of notice provided here is unreasonable:

> The witnesses in this case—busy Department of Justice attorneys with other professional and personal commitments—were served with subpoenas three business days, or less, before the scheduled depositions. Needless to say, <u>notice of three business days</u>, especially to busy litigators who need to prepare to testify about events occurring six to nine years previously, does not constitute "reasonable notice." The violation of Rule 30(b)(1) by Koslowe, *et al.*, is clear.

2

*United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 36–37 (D. D.C. 2004) (emphasis added).

Similarly, in *Burket v. Hyman Lippitt*, P.C., No. 05-72110, 2008 WL 731604, at *2 (E.D. Mich., March 17, 2008), the Court held:

> Among other reasons, Magistrate Judge Majzoub found that it was proper to grant Hyman Lippitt's emergency motion because Plaintiffs failed to give reasonable notice of Mr. Cotterell's deposition. Magistrate Judge Majzoub noted that "Plaintiffs' email notice effectively gave Hyman Lippitt only two business days [sic] notice prior to Mr. Cotterell's scheduled deposition." . . . Moreover, Magistrate Judge Majzoub found that "it is reasonable to conclude that it will take counsel for Hyman Lippitt some time to prepare for Mr. Cotterell's deposition," even though "the general substance of Mr. Cotterell's testimony may have been known to Hyman Lippitt for some time." (*Id.*)
>
> This Court does not believe that Magistrate Judge Majzoub's conclusion that Plaintiffs failed to provide reasonable notice of Mr. Cotterell's deposition was "clearly erroneous."

*Id.* (emphasis added). (Case attached as Exhibit 2.) The Court reached the same conclusion in *Freeman v. City of Detroit*, No. 09-CV-13184, 2011 WL 1298174, at *2 (E.D. Mich., April 5, 2011):

> Even if the Court were to believe that service occurred prior to the close of discovery and was proper, the Court finds that three days [sic] notice for a Rule 30(b)(6) deponent and seven additional deponents is not the

3

> "reasonable written notice" required of Fed. R. Civ. P. 30(b)(1).

*Id.* (emphasis added). (Case attached as Exhibit 3.)

In sum, Plaintiff did not provide reasonable notice for taking the depositions of Marks, Moylan, Bonanno, Kolando and Forte. Three days is not enough time for Defendant to notify, prepare and produce five witnesses, none of whom are managers with Defendant, several of whom work evening shifts, and one of whom is on a medical leave of absence. And importantly, Plaintiff knew about all of these witnesses when she filed this lawsuit and could easily have noticed their depositions with appropriate notice. Thus, these deposition notices should be struck, and the subpoenas should be quashed.

### B. There Is Not Good Cause to Extend Discovery.

Plaintiff will likely request that this Court extend the discovery period in order to complete the depositions of these five witnesses. Federal Rule of Civil Procedure 16(b) provides that a court's scheduling order may be modified only for good cause and with the judge's consent. Plaintiff cannot demonstrate good cause for extending the discovery period set by the Scheduling Order.

The only reason Plaintiff is unable to complete these depositions prior to the conclusion of discovery is her lack of diligence. Plaintiff was aware of all of these witnesses at the time she filed this lawsuit and had even secured written statements from them. Plaintiff could have noticed these depositions four months ago when the

4

Court issued its Scheduling Order, but she did not. She waited until three days before the close of discovery to serve subpoenas and deposition notices that provided only two days' notice to Defendant and these witnesses. This Court has held that a circumstance such as this does not amount to good cause for amending a scheduling order. *See E.E.O.C. v. Chrysler LLC*, No. 07-CV-12986, 2008 WL 2622948 (E.D. Mich. July 2, 2008) (the Court denied the plaintiff's motion to extend discovery where the extension was necessary solely due to a lack of diligence on Plaintiff's part). (Case attached as Exhibit 4.)

Plaintiff could have noticed these depositions months ago, but did not. Her decision to wait until three days before the close of discovery to notice the depositions is not good cause for extending the Scheduling Order in this case.

### III. CONCLUSION

For the reasons stated, Defendant William Beaumont Hospital respectfully requests that, pursuant to Fed. R. Civ. P. 30(b) and Fed. R. Civ. P. 45(d)(3)(a)(i), this Court quash the subpoenas and strike the deposition notices emailed to Defendant on February 25, 2019, and award Defendant the costs and fees incurred

in bringing this Motion.

                BUTZEL LONG

                By: /s/ Regan Dahle
                Regan K. Dahle (53975)
                Michael R. Griffie (P79836)
                301 East Liberty, Suite 500
                Ann Arbor, Michigan 48104
                (734) 995-3110
                dahle@butzel.com
                griffie@butzel.com

Dated: February 28, 2019

## CERTIFICATE OF SERVICE

I, Regan K. Dahle, the undersigned, hereby certify that on February 28, 2019, I filed the foregoing with the Clerk of Court, which will send notification of such filing to all CM/ECF participants listed below.

/s/Regan K. Dahle
Regan K. Dahle