## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TEOKA S. WILLIAMS,

    Plaintiff,

vs.

BEAUMONT HEALTH SYSTEM,

        Defendant.

Case No. 2:18-cv-12522-VAR-MKM

Hon. Victoria A. Roberts
Hon. Mona K. Majzoub

Julie A. Gafkay (P53680)
GAFKAY LAW, PLC
Attorneys for Plaintiff
175 S. Main Street
Frankenmuth, Michigan 48734
(989) 652-9240
jgafkay@gafkaylaw.com
Attorney for Plaintiff

Regan K. Dahle (P53975)
Michael R. Griffie (P79836)
BUTZEL LONG, PC
301 East Liberty, Suite 500
Ann Arbor, Michigan 48104
(734) 995-3110
dahle@butzel.com
griffie@butzel.com
Attorneys for Defendant Beaumont
Health System

---

## DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS

Defendant Beaumont Health System ("Beaumont"), by its undersigned counsel, Butzel Long, a professional corporation, respectfully requests that this Court certify for interlocutory appeal its August 26, 2019 Opinion and Order (the "Order") [ECF No. 35] pursuant to 28 U.S.C. § 1292, or otherwise amend that Order to authorize Beaumont to file an application for interlocutory appeal.  Beaumont further requests that if the Court grants the relief requested, it issue a stay of all

proceedings until Beaumont has exhausted the interlocutory appeal process, pursuant to Fed.R.Civ.P. 62(d).

Beaumont relies on the facts and legal argument in the accompanying Brief in support of this Motion.

On September 24, 2019, Defendant sought, but did not obtain, concurrence in the relief sought in this Motion. Defendant explained the basis for its motion in seeking concurrence.

WHEREFORE, Defendant Beaumont Health System respectfully requests that this Court certify for interlocutory appeal its August 26, 2019 Opinion and Order, or otherwise amend that Order to authorize Beaumont to file an application for interlocutory appeal. Beaumont further requests that if the Court grants the relief requested, it issue a stay of all proceedings until Beaumont has exhausted the interlocutory appeal process.

Respectfully submitted,

/s/ Regan K. Dahle
**Butzel Long, P.C.**

Regan K. Dahle (P53975)
Michael R. Griffie (P79836)
301 East Liberty, Suite 500
Ann Arbor, Michigan 48104
(734) 995-3110
dahle@butzel.com
griffie@butzel.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TEOKA S. WILLIAMS,

Plaintiff,

vs.

BEAUMONT HEALTH SYSTEM,

Defendant.

Case No. 2:18-cv-12522-VAR-MKM

Hon. Victoria A. Roberts
Hon. Mona K. Majzoub

Julie A. Gafkay (P53680)
GAFKAY LAW, PLC
Attorneys for Plaintiff
175 S. Main Street
Frankenmuth, Michigan 48734
(989) 652-9240
jgafkay@gafkaylaw.com
Attorney for Plaintiff

Regan K. Dahle (P53975)
Michael R. Griffie (P79836)
BUTZEL LONG, PC
301 East Liberty, Suite 500
Ann Arbor, Michigan 48104
(734) 995-3110
dahle@butzel.com
griffie@butzel.com
Attorneys for Defendant Beaumont Health
System

---

# DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION TO CERTIFY ORDER FOR
### INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS

# TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUES PRESENTED ....................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................................. iv

INTRODUCTION.............................................................................................................. 1

STATEMENT OF FACTS ................................................................................................. 1

STANDARD OF REVIEW ................................................................................................ 4

ARGUMENT ..................................................................................................................... 5

    I.       The Disputed Questions of Law Are Controlling. ........................................... 5

    II.     There is Substantial Ground for Difference of Opinion as to the Questions on Appeal. ................................................................................ 7

    III.    An Appeal Will Materially Advance the Ultimate Termination of this Litigation .......................................................................................... 13

CONCLUSION ............................................................................................................... 14

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

I.    Should this Court certify for interlocutory appeal the question of whether Plaintiff had direct evidence of discrimination sufficient to defeat Beaumont's motion for summary judgment, even though Plaintiff had no evidence that any employee of Beaumont made or wrote a statement that required a conclusion that Beaumont intentionally discriminated against Plaintiff because of her race?

Beaumont answers, "Yes."

II.    Should this Court certify for interlocutory appeal the question of whether Plaintiff presented sufficient evidence to defeat Beaumont's motion for summary judgment that she suffered an adverse employment action under Title VII of the Civil Rights Act of 1964 or the Elliott-Larsen Civil Rights Act, even though Plaintiff suffered no loss of pay or benefits or experienced any material change to the terms and conditions of her employment?

Beaumont answers, "Yes."

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

## Cases

*Amini v Oberlin Coll*, 440 F.3d 350 (6th Cir. 2006) ........................................................ 9

*Amini,* 440 F.3d at 359 ........................................................................................................ 9

*Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir.2000) .............................. 7

*Chaney v. Plainfield Healthcare Center*, 612 F.3d 908, 910 (7th Cir. 2010) .............. 13

*City of Dearborn v. Comcast of Michigan, III, Inc.*, 2008 WL 5084203 at *3 (E.D. Mich Nov. 24, 2008) .................................................................................................................. 7

*Crane v. Mary Free Bed Rehab. Hosp.*, 634 Fed. App'x 518, 519 (6th Cir. 2015) ...................... 12

*Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003) .................. 8

*Fabela v. Socorro Independent School District,* 329 F.3d 409 (5th Cir. 2003) ............. 9

*Fabela,* 329 F.3d 409, 415 (5th Cir. 2003) .................................................................... 9

*Ferrill v. The Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999) ...................... 12

*In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) ........................................................... 4

*In re Trump*, 874 F.3d at 952 ......................................................................................... 8

*Marotta v. Ford Motor Co.,* 119 F. Supp. 3d 676, 694 (E.D. Mich. 2015) .................. 13

*McCrary v. Oakwood Healthcare, Inc.*, 170 F. Supp. 3d 981, 988-89 (E.D. Mich. 2016) .......... 11

*Michael v Caterpillar Fin Services Corp*, 496 F. 3d 584, 593 (6th Cir. 2007). ............. 7

Newsome v Young Supply Co, 873 F Supp 2d 872, 878 (ED Mich, 2012) (citations omitted) .. 13

*Newsome v. Young Supply Co.*, 873 F. Supp. d 872, 875-76 (E.D. Mich. 2012) ........... 6

*Patterson v. UPMC South Hills Health System Home Health, L.P.*, No. 03–89, 2005 WL 6720844 (W.D. Pa. May 15, 2005) ............................................................. 11, 12

*Venters v. City of Delphi,* 125 F.3d 956 (7th Cir. 1997) .............................................. 10

## Statutes

28 U.S.C. § 1292 ............................................................................................................ 10

## INTRODUCTION

In August 26, 2019, this Court entered an Opinion and Order denying Defendant Beaumont Health System's ("Beaumont") Motion for Summary Judgment (the "Order"). [ECF No. 35] In the Order, this Court held that Plaintiff had proffered direct evidence of intentional discrimination sufficient to create a genuine issue of material fact. This Court also held that Plaintiff suffered an adverse employment action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Elliott-Larsen Civil Rights Act, M.C.L. 37.2101 *et seq.* ("Elliott-Larsen) and, thus, could prove a *prima facie* case of race discrimination.

The Court's ruling as to both of these issues involves controlling questions of law. Further, there is a substantial disagreement of opinion in this jurisdiction as to the resolution of these issues. And finally, an immediate appeal from this Court's Order disposing would materially advance the ultimate termination of this litigation. For those reasons, Beaumont seeks certification of these issues for interlocutory appeal.

## STATEMENT OF FACTS

For purposes of this Motion, the following facts are material:

1.     At 11:30 PM on November 2, 2017, Plaintiff began her shift at Beaumont's Dearborn Hospital. That evening, Plaintiff was responsible for

1

providing care for six patients, including the Patient in Room 881, Bed #2 (the "Patient"). (Exhibit 1, Plaintiff's Deposition, p. 30)

2.      At approximately 4:48 AM, the Patient got up to use the bathroom and lost her footing. The Patient became upset when Plaintiff caught her from falling:

> When pt stood up nurse noticed the pt losing her balanced [sic] so rn gently but quickly grabbed pt by her left arm to prevent the pt from falling. Pt then yelled, "I want a different nurse."

(Exhibit 2, 4:48 AM Progress Note)

3.      Plaintiff's supervisor that evening was Assistant Clinical Manager, Crystal Fell Kopriva ("Kopriva"). Plaintiff reported the incident to Kopriva.

4.      Kopriva met with the Patient, who complained about Plaintiff's attitude. (Exhibit 3, Crystal Kopriva Deposition, pp. 29–30)

5.      About 15 minutes after Kopriva met with the Patient, Plaintiff entered another Progress Note: "RN now removed from caring for patient by assistant manager. Advised not to enter room any more [sic]." (Exhibit 2, 5:02 AM Progress Note)

6.      Kopriva did relieve Plaintiff from providing in-person care for the Patient for the remaining few hours of Plaintiff's shift and asked Olivia Moylan, another nurse, to fill-in.  (Exhibit 3, pp. 34-36)

7.     Although Plaintiff did not go into the Patient's room for the last few hours of her shift, she did assist Moylan with caring for the Patient by getting the Patient socks, a heating pad and water. (Exhibit 1, p. 58)

8.     Kopriva has made nursing reassignments in the past for the following reasons:

> . . . there are circumstances where the patient says they don't like the nurse that they have, they don't like their attitude. And in that case more often than not there is going to be friction between the RN and the patient regardless, so to nip it in the bud, we will give that patient a different nurse; sometimes it's because of gender, sometimes it's religious issues, sometimes the patient wants a previous nurse they had.

(Exhibit 3, pp. 32–33)

9.     At 5:35 AM, 33 minutes *after* Plaintiff documented the nursing reassignment and 22 minutes *after* she documented Kopriva's meeting with the Patient and the nursing switch, Plaintiff entered a final Progress Note for the Patient: "Pt can be heard from the hallway, 'I do Not [sic] want that black bitch taking care of me.'" (Exhibit 2, 5:10 AM Progress Note, Created by Plaintiff at 5:35 AM)

10.    Kopriva acknowledges that when Plaintiff approached her about the Patient's concerns, Plaintiff told her that she overheard the Patient call her "a black bitch." (Exhibit 3, p. 30)

11.    Plaintiff never heard Kopriva tell anyone, including Plaintiff, that she changed the Patient's nursing assignment because of Plaintiff's race. (Exhibit 1, p. 119). And Plaintiff admits that she is the only one who noted in the Patient's records

3

that the Patient did not want a black nurse and that no one at Beaumont instituted a ban on black caregivers for the Patient. (*Id.* at 121.)

12.     Plaintiff filed suit against Beaumont for race discrimination under 42 U.S.C. § 1981, Title VII, and Elliott-Larsen.

13.     Beaumont filed a Motion for Summary Judgment on May 16, 2019. [ECF No. 29]

14.     This Court issued an Opinion and Order Denying Summary Judgment (the "Order") on August 26, 2019.

15.     As discussed below, this Court decided two questions of law in the Order that are the appropriate subject for interlocutory appeal.

## STANDARD OF REVIEW

28 U.S.C. § 1292 permits interlocutory appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves <u>a controlling question of law</u> as to which there is <u>substantial ground for difference of opinion</u> and that an immediate appeal from the order may <u>materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order.

28 U.S.C. § 1292, *emphasis added*. When the district court is of the opinion that the above-factors have been met, the district court shall permit a party to appeal a non-final order. *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017).

## **ARGUMENT**

In denying Beaumont's motion for summary judgment, this Court held that Kopriva's reassignment of the Patient after learning that the Patient allegedly called Plaintiff a "black bitch," was direct evidence of discrimination. (ECF No. 35, Page ID 735) There are substantial grounds for a difference of opinion as to this holding. In fact, no court in this jurisdiction has held that this type of evidence, which is non-discriminatory on its face, can be direct evidence of discrimination. This Court also held that Plaintiff suffered an adverse employment action under Title VII and Elliott-Larsen. (ECF No. 35, Page ID 737) Again, there are substantial grounds for a difference of opinion as to this holding, because courts in this jurisdiction have explicitly held that a short-term reassignment is not an actionable adverse employment action under either Title VII or Elliott-Larsen, as a matter of law.

Interlocutory appeal is appropriate here because this Court decided two controlling questions of law on which there is a substantial disagreement of opinion. An immediate appeal from this Court's decision as to those questions of law would materially advance the ultimate termination of this litigation, in that a successful appeal would bring this case to a close without the time and expense of trial.

## I.      The Disputed Questions of Law Are Controlling.

There is a "low bar for a determination that a question of law is "controlling" in the context of a motion for certification under § 1292(b)." *Newsome v. Young*

5

*Supply Co.*, 873 F. Supp. 2d 872, 875–76 (E.D. Mich. 2012) (citations omitted). In fact, "[a]ll that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Id.* The two questions of law that Beaumont will submit to the Sixth Circuit Court of Appeals are controlling, because their resolution in Beaumont's favor would lead to a dismissal of at least two of the three counts in Plaintiff's Complaint.

First, Beaumont will ask the Court of Appeals to reverse this Court's finding that the alleged statements made by the Patient and Plaintiff to Kopriva, coupled with Kopriva's assignment of the Patient's care to Moylan, are direct evidence of discrimination. Plaintiff can prove her claims of discrimination under Title VII, Elliott-Larsen and § 1981 in one of two ways: either with direct evidence or with circumstantial evidence. Plaintiff waived her claim of discrimination based on circumstantial evidence. (ECF No. 35, Page ID 733). Therefore, because Plaintiff is relying solely on alleged direct evidence of discrimination to prove her claims, if the Court of Appeals agrees with Beaumont that Plaintiff did not proffer direct evidence of discrimination, all three of Plaintiff's claims must be dismissed because Plaintiff will have no admissible evidence of discriminatory intent.

Second, Beaumont will seek reversal of this Court's holding that Plaintiff's several-hour reassignment amounted to an adverse employment action under Title

VII and Elliott-Larsen.  In order to establish a *prima facie* case of discrimination under those statutes, Plaintiff must prove that she suffered an adverse employment action. *Michael v Caterpillar Fin Services Corp*, 496 F. 3d 584, 593 (6th Cir. 2007). If the Court of Appeals agrees with Beaumont that Plaintiff did not suffer an adverse employment action, as a matter of law, Plaintiff would not be able to prove even a prima facie case of discrimination and Counts II and III of her Complaint would be dismissed.

To conclude, the issues of law that Beaumont will submit to the Court of Appeals are controlling, because their resolution in Beaumont's favor will result in a dismissal of Plaintiff's Complaint.  For that reason, an interlocutory appeal as to those issues is warranted.

## II.       There is Substantial Ground for Difference of Opinion as to the Questions on Appeal.

A "substantial ground for difference of opinion" exists when: (1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.  *City of Dearborn v. Comcast of Michigan, III, Inc.*, 2008 WL 5084203 at *3 (E.D. Mich. Nov. 24, 2008) (Case attached at Exhibit 4); citing *Eagan v. CSX Transp., Inc.*, 294 F. Supp.

2d 911, 916 (E.D. Mich. 2003).  An issue is novel "where reasonable jurists might disagree on an issue's resolution." *In re Trump*, 874 F.3d at 952.

There is substantial ground for a difference of opinion as to the question of whether Plaintiff presented direct evidence of discrimination; in fact, it is likely a case of first impression in this jurisdiction.  Beaumont was unable to locate a single case where a court found that evidence not explicitly demonstrating a defendant's discriminatory bias was direct evidence of discrimination, as this Court held it was in this case.

Similarly, there is substantial grounds for a difference of opinion as to whether a short-term reassignment of duties, like the one Plaintiff experienced in this case, is an adverse employment action under Title VII or Elliott-Larsen.  Indeed, courts in this jurisdiction have specifically held that such a short-term reassignment is not an adverse employment action, demonstrating that courts in this circuit might disagree with this Court's contrary holding.

A.     **This Court's Holding that Plaintiff Presented Direct Evidence Is Not Substantially Guided by Previous Decisions.**

This Court concluded that Kopriva's reassignment of the Patient, after learning that the Patient allegedly called Plaintiff a "black bitch," was direct evidence of discrimination.  The Court's conclusion is not guided by previous decisions in this or other jurisdictions.

This Court cites *Amini v. Oberlin Coll.*, 440 F.3d 350 (6th Cir. 2006), for the general proposition that direct evidence must show on its face that discrimination was a motivating factor, not necessarily the only factor. This Court does not discuss, however, the Court of Appeals' explicit holding in *Amini* that supports Beaumont's argument that Kopriva's actions were not direct evidence of discrimination:

> The plaintiff has misconstrued the nature of direct evidence. As this court has explained many times, direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. It does not require the fact finder to draw any inferences to reach that conclusion. For example, proof of a facially discriminatory employment policy or a corporate decision maker's express statement of a desire to [avoid hiring] employees in the protected group is direct evidence of discriminatory intent. <u>Evidence of discrimination is not considered direct evidence unless a racial motivation is explicitly expressed.</u>

*Amini,* 440 F.3d at 359, emphasis added, citations omitted. Thus, even in *Amini*, the court stressed that to be direct evidence of discrimination, the proffered evidence must explicitly express discriminatory bias.

This Court also erroneously cites *Fabela v. Socorro Independent School District,* 329 F.3d 409 (5th Cir. 2003), in support of its holding that Plaintiff proffered direct evidence. To the contrary, the Fifth Circuit Court of Appeals held that direct evidence is a "<u>statement or document </u>which shows on its face that an improper criterion served as a basis—not necessarily the sole basis, but a basis—for the adverse employment action." *Fabela,* 329 F.3d at 415, *emphasis added.* The court in *Fabela* stressed that direct evidence is evidence that, when "<u>truly standing</u>

9

alone, is sufficient to support the conclusion that a nexus exists between the protected activity and the adverse employment action." *Id.* at 416, *emphasis added.* In *Fabela,* the alleged direct evidence of retaliation was the plaintiff's supervisor's verbal statement that, because the plaintiff filed an EEOC charge, she was a troublesome employee. This statement on its face would support a conclusion, without any inferences, that the supervisor terminated the plaintiff's employment because the plaintiff filed an EEOC Charge.

Finally, this Court overlooks the distinctions between this case and the other case it cites in its Order, *Venters v. City of Delphi,* 125 F.3d 956 (7th Cir. 1997). IN *Venters,* the plaintiff's supervisor threatened to fire the plaintiff, made repeated threats of adverse consequences if the plaintiff did not meet his religious expectations, and told the plaintiff that an "evil spirit" had taken her soul which he "would not allow to inhabit the department" *Id.* at 973-74. Just as in *Fabela,* and these statements, standing alone, would support the conclusion that the supervisor terminated the plaintiff's employment because she did not conform to his religious beliefs. Put another way, the explicitly demonstrated discriminatory animus.

Beaumont was unable to locate a single case in this jurisdiction, or any other, where something other than a verbal or written statement by a defendant explicitly expressing some discriminatory animus was held to be direct evidence of discrimination. This Court's Order may be the first such case, and as such, there is

10

substantial ground for a difference of opinion on the issue of whether Plaintiff produced direct evidence of discriminatory intent. For that reason, an interlocutory appeal is appropriate.

**B.** **This Court's Holding that Plaintiff Suffered an Adverse Employment Action Is Not Substantially Guided by Previous Decisions.**

This Court held that Plaintiff's evidence is sufficient to show that she suffered an adverse employment action under Title VII and Elliott-Larsen. (ECF No. 35, Page ID 736). Each of the cases that the Court cites in support of this finding can be distinguished from the instant case, demonstrating that the Court's decision is not guided by precedent.

For instance, the plaintiff in *Patterson v. UPMC South Hills Health System Home Health, L.P.*, No. 03–89, 2005 WL 6720844 (W.D. Pa. May 15, 2005) was pursuing a claim under 42 U.S.C. § 1981, not Title VII or Elliott-Larsen. A plaintiff does not have to prove that she suffered an adverse employment action to state a claim under § 1981:

> A right protected under § 1981 may be abridged without necessarily causing a "materially adverse change in the terms of [the plaintiff's] employment," as that term has been defined. Furthermore, this Court believes that even a temporary or brief (i.e. *de minimis*) abridgement of a plaintiff's rights under § 1981 is actionable.

*McCrary v. Oakwood Healthcare, Inc.*, 170 F. Supp. 3d 981, 988-89 (E.D. Mich. 2016). Consequently, because Beaumont only sought dismissal of Plaintiff's Title

VII and Elliott-Larsen claims on the basis that Plaintiff did not suffer an adverse employment action, *Patterson* is not point.

*Crane v. Mary Free Bed Rehab. Hosp.*, 634 Fed. App'x 518, 519 (6th Cir. 2015) does not support this Court's opinion either. In that case, the court found that the plaintiff had <u>not suffered</u> any adverse employment action, because her reassignment was "temporary and de minimis." In fact, the court in *Crane* echoed the longstanding principle that, "not every action taken by an employer that potentially affects an employee rises to the level of an adverse employment action . . . . [A] plaintiff must point to a materially adverse change in the terms or conditions of her employment. . . . [T]he change in employment conditions must be more than an inconvenience or an alteration of job responsibilities." *Id., citations omitted.*

The appellate court in *Crane* did cite to the trial court's decision "that an adverse employment action may be based on an employer's race-based assignment of duties even without a change in pay, benefits, prestige, or responsibilities," but the trial court based its conclusion on three other cases, none of which were from this jurisdiction, and all of which are easily distinguishable. First, *Patterson v. UPMC South Hills Health System Home Health, L.P.*, No. 03–89, 2005 WL 6720844 (W.D. Pa. May 15, 2005) and *Ferrill v. The Parker Group, Inc.,* 168 F.3d 468, 472 (11th Cir. 1999) involved claims under Section 1981, where a plaintiff does not have to prove an adverse employment action, not claims under Title VII or Elliott-Larsen.

And the opinion in *Chaney v. Plainfield Healthcare Center*, 612 F.3d 908, 910 (7th Cir. 2010) is silent on the issue of adverse employment action.  Thus, the trial court opinion that the appellate court cited in *Crane* does not support the legal conclusion that a race-based temporary reassignment of duties can be an adverse employment action, and it does not support the Court's opinion here.

In sum, no court in this jurisdiction has held that a temporary change in job duties or a several-hour reassignment amounts to an adverse employment action under either Title VII or Elliott-Larsen.  In fact, they have held to the contrary.  *See e.g., Marotta v. Ford Motor Co.,* 119 F. Supp. 3d 676, 694 (E.D. Mich. 2015) (holding that a temporary reassignment to other tasks is not an adverse employment action, as a matter of law).  Thus, there are clear and substantial grounds for differences of opinion as to this Court's holding, and this question is appropriate for interlocutory appeal.

## III. An Appeal Will Materially Advance the Ultimate Termination of this Litigation

This Court has held that interlocutory appeal materially advances the litigation when it "save[s] judicial resources and litigant expense." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012) (citations omitted)  A successful interlocutory appeal in this case would save the parties the time and expense of expert discovery, trial preparation and trial.

13

If the Court of Appeals agrees with Beaumont that Plaintiff did not present direct evidence of discrimination, then all of Plaintiff's claims would fail as a matter of law, as she has waived any other legal theory. Similarly, if the Court of Appeals finds that Plaintiff did not suffer an adverse employment action, then Plaintiff's Title VII and Elliott-Larsen claims fail as a matter of law, because Plaintiff cannot state a prima facie case under either statute without demonstrating that she suffered an actionable adverse employment action.

A successful appeal for Beaumont would result in the dismissal of most, if not all, of Plaintiff's Complaint; it would, thereby, save the parties the time and expense of trial and conserve this Court's judicial resources. For that reason, an interlocutory appeal is warranted.

## CONCLUSION

Beaumont has satisfied every element required for certification of an interlocutory appeal. The two questions of law Beaumont seeks to present to the Court of Appeals are controlling, and there is a substantial disagreement of opinion as to their resolution. Further, both parties will avoid the time and expense of trial if Beaumont succeeds on appeal.

WHEREFORE, Defendant Beaumont Health System respectfully requests that this Court certify for interlocutory appeal its August 26, 2019 Opinion and Order, or otherwise amend that Order to authorize Beaumont to file an application

## CERTIFICATE OF SERVICE

I, Regan K. Dahle, the undersigned, hereby certify that on October 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.


                                    /s/Regan K. Dahle

                                    Regan K. Dahle (P53975)