# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**TEOKA S. WILLIAMS,**
     Plaintiff,

                         **CASE NO.: 2:18-cv-12522-VAR-MKM**
                         **HON.: Victoria A. Roberts**

v.

**BEAUMONT HEALTH,**
     Defendant.

_____/

| | |
|---|---|
| **GAFKAY LAW, PLC** | **FREID, GALLAGHER, TAYLOR** |
| **JULIE A. GAFKAY (P53680)** | **& ASSOCIATES, PC** |
| **Attorney for Plaintiff** | **DEBRA A. FREID (P33078)** |
| **175 S. Main Street** | **Co-Counsel for Plaintiff** |
| **Frankenmuth, MI 48734** | **604 S. Jefferson Ave** |
| **(989) 652-9240** | **Saginaw, MI 48607-1132** |
| jgafkay@gafkaylaw.com | (989) 754-0411 |
| | fgt@fgt-law.com |

**BUTZEL LONG**
**REGAN K. DAHLE (P53975)**
**MICHAEL GRIFFIE (P79836)**
**Attorneys for Defendant**
**301 East Liberty, Suite 500**
**Ann Arbor, MI 48104**
**(734) 995-3110**
dahle@butzel.com
griffie@butzel.com

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS

NOW COMES Plaintiff, Teoka S. Williams, by and through her attorney, Gafkay Law, PLC, and hereby responds in opposition to Defendant's Motion to Certify Order for Interlocutory Appeal and for Stay of Proceedings as follows:

Plaintiff hereby relies on the facts and legal argument in the accompanying Brief in Opposition to Defendant's Motion To Certify Order for Interlocutory Appeal and for Stay of Proceedings.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Certify Order for Interlocutory Appeal and for Stay of Proceedings.

Dated: <u>10/4/2019</u>                Respectfully submitted;

GAFKAY LAW, PLC

<u>/s/Julie A. Gafkay</u>
Julie A. Gafkay (P53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gafkaylaw.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TEOKA S. WILLIAMS,**
      **Plaintiff,**         **CASE NO.: 2:18-cv-12522-VAR-MKM**
                          **HON.: Victoria A. Roberts**

**v.**

**BEAUMONT HEALTH,**
      **Defendant.**
_____/

| | |
|---|---|
| **GAFKAY LAW, PLC** | **FREID, GALLAGHER, TAYLOR** |
| **JULIE A. GAFKAY (P53680)** | **& ASSOCIATES, PC** |
| **Attorney for Plaintiff** | **DEBRA A. FREID (P33078)** |
| **175 S. Main Street** | **Co-Counsel for Plaintiff** |
| **Frankenmuth, MI 48734** | **604 S. Jefferson Ave** |
| **(989) 652-9240** | **Saginaw, MI 48607-1132** |
| **jgafkay@gafkaylaw.com** | **(989) 754-0411** |
| | **fgt@fgt-law.com** |

**BUTZEL LONG**
**BY:  REGAN K. DAHLE (P53975)**
      **MICHAEL GRIFFIE (P79836)**
**Attorneys for Defendant**
**301 East Liberty, Suite 500**
**Ann Arbor, MI 48104**
**(734) 995-3110**
**dahle@butzel.com**
**griffie@butzel.com**
_____/

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS

# TABLE OF CONTENTS

INDEX OF AUTHORITY...................................................................ii

CONCISE STATEMENT OF THE ISSUES PRESENTED.............iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY...........iv

INTRODUCTION................................................................1, 2

STATEMENT OF FACTS.........................................................2

PLAINTIFF'S STATEMENT OF FACTS...................................3-6

STANDARD OF REVIEW......................................................6-7

ARGUMENT.....................................................................7-16

    I.    There are not controlling legal questions...................7-9

    II.   There is not substantial ground for difference of opinion as to the questions on appeal.........................................9-14

    III.  An immediate appeal from the Order would not materially advance the ultimate termination of this ligation......15-16

    A.   This Court's holding that there is a genuine issue of material fact of direct evidence is substantially guided by previous decisions.....................................................10-12

    B.   This Court's holding that there is a genuine issue of material fact of an adverse employment action is substantially guided by previous decisions.......................................12-14

CONCLUSION......................................................................17

# INDEX OF AUTHORITY

*Amini v. Oberlin Coll.*,
440 F.3d 350 (6th Cir. 2006)........................................................10

*Biegas v. Quickway Carriers, Inc.*,
2007 U.S. Dist. LEXIS 42032, ...................................................8

*Crane v. Mary Free Bed Rehab. Hosp.*,
634 Fed. Appx. 518.....................................................................13

*Crane v. Mary Free Bed Rehab. Hosp.*,
2015 U.S. Dist. LEXIS 182064*...................................................13

*Fabela v. Socorro Independent School Dist.*,
329 F.3d 409 (5th Cir. 2003).......................................................11

*McCrary v. Oakwood Healthcare, Inc.*,
170 F. Supp.3d 981 (E.D. Mich. 2016)........................................13

*Marotta v. Ford Motor Co.*,
119 F. Supp. 3d 676 (E.D. Mich. 2015)......................................14

*Newsome v. Young Supply Co.*,
873 F. Supp. 2d 872 (E.D. Mich. 2012).....................................8, 15

*Patterson v. UPMC S. Hills Health Sys. Home Health, L.P.*,
2005, U.S. Dist. LEXIS 47610.....................................................12

*Reed-Bey v. Pramstaller*,
2011 U.S. Dist. LEXIS 804 ..........................................................7

*Sharp v. Aker Plant Scrvs. Group*,
726 F.3d 789 (6th Cir. 2013).......................................................11

*W. Tenn. Chptr of Assoc. Builders & Contrs., Inc., v. City of Memphis*,
138 F. Supp. 2d 1015 (W.D. Tenn. 2000).....................................15

## CONCISE STATEMENT OF THE ISSUES PRESENTED

I.   Should this Court certify for interlocutory appeal the question of whether Plaintiff had direct evidence of discrimination sufficient to defeat Beaumont's motion for summary judgment, where there is a genuine issue of material fact of direct evidence of discrimination when Plaintiff was replaced by a white nurse after advising her supervisor that the patient had referred to her as a black bitch?

Plaintiff answers:     <u>No</u>
Defendant answers:     <u>Yes</u>
Court answers:         _____

II.  Should this Court certify for interlocutory appeal the question of whether Plaintiff presented sufficient evidence to defeat Defendant's motion for summary judgment that she suffered an adverse employment action under Title VII of the Civil Rights Act of 1964 or the Elliott-Larsen Civil Rights Act, where Plaintiff suffered material changes in the terms and conditions of her employment by being reassigned, segregated, not allowed to perform all of her job duties, and having her nursing license at risk because she was required to report to the oncoming nurse even though she had not been permitted to care for the patient throughout her entire shift.

Plaintiff answers:     <u>No</u>
Defendant answers:     <u>Yes</u>
Court answers:         _____

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C. 1292…………………………………………………………..6

## INTRODUCTION

On August 26, 2019, this Court entered an Opinion and Order denying Defendant Beaumont Health System's ("Defendant") Motion for Summary Judgment. ECF No. 35. In the Order, this Court held there was a genuine issue of material fact of direct evidence of intentional race discrimination and whether Plaintiff suffered an adverse employment action.   Contrary to Defendant's assertion, the Court did not rule on controlling questions of law, the Court merely found there were genuine issues of material fact. Moreover, there is not a substantial disagreement of opinion in this jurisdiction as to the resolution of these issues. Finally, an immediate appeal from the Court's Order disposing of the issues would not materially advance the ultimate termination of this litigation.

Notably, Defendant's current motion was filed 36 days after the Court entered its Order denying Defendant's motion for summary judgment. ECF No. 30.   Although Defendant's motion is not a notice of appeal, the timelines controlling the notice of appeal are instructive. Notably, pursuant to Fed.R.App.P 4(a)(1), "a notice of appeal…must be filed in the District Court within 30 days after the Order or judgment appealed from is entered." Defendant's argument that "immediate

appeal" from this Court's Order disposing of the issues would materially advance the ultimate termination of this litigation is questionable, since Defendant did not file its present motion until 36 days after the Court's Order was entered.   Notwithstanding this, Defendant fails to meet the requirements for interlocutory appeal.

## STATEMENT OF FACTS

Plaintiff admits Defendant's paragraphs 1 and 3 through 14.

2. Plaintiff denies the progress note states the patient became upset.

15. Plaintiff denies the court decided questions of law in its Order. The Court denied Defendant's Motion for Summary Judgment and, in doing so, refused to enter judgment for Defendant as a matter of law. Instead, the Court found there were genuine issues of material fact, which precluded summary judgment. Contrary to Defendant's argument, the issues ruled on by the Court in denying Defendant's motion for summary judgment are not an appropriate subject for interlocutory appeal.

2

## <u>PLAINTIFF'S STATEMENT OF FACTS</u>

16.    Defendant does not have a policy to address when a patient requests care based on the race of the caregiver.  (Ex. 5, pp. 8-9; Ex 3, p. 28; Ex. 4, p. 24).

17.    The patient told Plaintiff she did not want her touching her, although a white nursing assistant could.  (Ex. 1, pp. 81, 83).  The patient asked to speak with the nurse in charge who was the assistant clinical manager, Kopriva.  (Ex. 1, pp. 80, 101; Ex. 3, p. 26).

18.    Plaintiff overheard the patient say she wanted a different nurse and, "they had the audacity to give me a black nurse."  (Ex. 1, pp. 44-45).

19.    Plaintiff and Shakina Kolanda ("Kolanda") both heard the patient say, "I do not want that black bitch taking care of me," before Plaintiff complained to Kopriva, which Plaintiff eventually put in the patient's progress note before her shift ended.  (Ex. 1, p. 65, 72, 88-89, 91, 94-95; Ex. 8, progress note; Ex. 6, pp. 18 and 26).

20.    Kopriva testified that based on what Plaintiff told her, she understood the patient did not want Plaintiff to care for her based on race.  (Ex. 4, pp. 22-24).

21.   Plaintiff heard the patient tell Kopriva she did not want Plaintiff because of Plaintiff's race when Plaintiff was just outside the patient's door.  (Ex. 1, p. 48).

22.   The patient did not give a legitimate reason why she did not want Plaintiff to care for her; Kopriva admitted simply suggesting Plaintiff had an attitude is not legitimate.  (Ex. 1, p. 102; Ex. 4, p. 31).  Plaintiff heard the patient tell Kopriva she did not want that "black lady" or "black nurse."  (Ex. 1, pp. 50, 53, 74-75, 119; Ex. 5, p. 9).

23.   Kopriva never asked the patient if she called Plaintiff a "black bitch" or whether her request was based on race.  (Ex. 4, pp. 30 and 48).

24.   Kopriva told Plaintiff and others if either patient in Room 881 put the call light on to let Olivia Moylan ("Moylan"), who is White, go in the room instead of Plaintiff.  (Ex. 1, p. 53; Ex. 6, p. 11).  Moylan later complained to Kopriva about having to take care of both patients and passing medications for both patients in the room, which Moylan denied.  (Ex. 4, p. 40; Ex. 7, p. 33).

25.   The patient care was not properly transferred to Moylan from Plaintiff; a proper transfer involves a nurse-to-nurse report, which never took place regarding the patients in Room 881.  (Ex 1. p. 57; Ex. 7, p. 19).

26.     After Plaintiff was removed from providing care to the patient, Kopriva and Moylan gave medications to the patient instead of Plaintiff at 4:55 a.m. and 7:27 a.m. (Ex. 4, pp. 45-46).

27.     Plaintiff was scheduled to work 11:30 p.m. to 8:00 a.m., but stayed later, until approximately 8:30 a.m., when she gave the report to the oncoming nurse for the patients. She was required to give a report for the patients in Room 881 even though she was barred from the room for several hours before the report. (Ex. 1, pp. 54, 56; Ex. 7, p. 26).

28.     Kopriva reported the incident to her supervisor, Ward, because Plaintiff was upset. (Ex. 4, pp. 49-50). She also told Ward Plaintiff said she was called a "black bitch", although Ward denies being told that. (Ex. 4, p. 55; Ex. 2, p. 17).

29.     Ward reviewed the progress notes then talked to the patient. (Ex. 2, p. 20). Ward admitted if the patient was heard calling a caregiver a "black bitch" and requested not to have that caregiver, it related to race. (Ex. 2, p. 29). Ward admitted Plaintiff was concerned she was removed from caring for the patient based on race. (Ex. 2, p. 41). Notably, despite Ward claiming she talked with the patient, she never recorded a patient

encounter, just as Kopriva had failed to record her encounter.  (Ex. 2, p. 30; Exhibit 8).

30.   A meeting in human resources took place on November 8, 2017 with Plaintiff, human resource representatives and managers.   (Ex. 11). Fildew recorded minutes of the meeting which state, in part, "Teoka stated that the patient in 881-bed #2 stated she did not want her to be her nurse because she was black."  (Ex. 10; Ex. 1, pp. 26, 188; Ex. 3, p. 23).

31.   At the meeting, Plaintiff was told patients have the right to refuse care for whatever reason.  Plaintiff was told a patient requesting care based on race is no different from a Middle Eastern female patient requesting not to have a male as her nurse.  (Ex. 1, p. 190; Ex. 11). Indeed, Fildew admitted nobody said patient requests based on race are not honored by Defendant.  (Ex. 3, pp. 35-36).

## STANDARD OF REVIEW

28 USC § 1292 only permits interlocutory appeals in limited circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Interlocutory appeal is not appropriate here because the Court's denial of summary judgment was not a pure question of law. In addition, there is not substantial ground for a difference of opinion as to the questions Defendant seeks to appeal.   Finally, an appeal will not materially advance the ultimate termination of this litigation. Accordingly, for the reasons set forth more fully below, Defendant's Motion to Certify Order for Interlocutory Appeal and for Stay of Proceedings should be denied.

## I.    There are not controlling legal questions.

The Court's Order denying summary judgment held  there are genuine issues of material fact and in entering that Order the Court specifically refused to enter judgment as a matter of law. At best, the Order denying summary judgment has mixed questions of fact and law. This Court has noted that summary judgment orders are inappropriate for interlocutory review. In *Reed-Bey v. Pramstaller*, 2011 U.S. Dist. LEXIS 804, attached as Exhibit 12, this Court stated as follows:

7

Several federal circuits have held that summary judgment orders are inappropriate for interlocutory review because § 1292(b) contemplates "pure" questions of law. *See Biegas v. Quickway Carriers, Inc.*, No. 0573616, 2007 U.S. Dist. LEXIS 42032, 2007 WL 1675140, at * 2 (E.D. Mich. June 11, 2007), [*4] and cases cited there. In denying certification of interlocutory review of an order granting partial summary judgment, the *Biegas* Court held, "[s]ince any Sixth Circuit review of this Court's grant of partial summary judgement to Defendants…would necessarily entail a review of the case's factual record before the panel could issue a decision, an interlocutory appeal would not be appropriate under this line of reasoning, which the Court finds is sound." 2007 U.S. Dist. LEXIS 42032, 2007 WL at *2.

In *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872 (E.D. Mich. 2012) cited by Defendant in support of its argument, there was a disputed question of law which was controlling. In *Newsome,* the court's denial of summary judgment was early in the case brought under Fed.R.Civ.P. 12 (b)(6), based on a legal issue. The defendant-employer argued new regulations should be retroactively applied to the case to bar coverage under the Family and Medical Leave Act ("FMLA"), which was a question of law.

Accordingly, because the denial of summary judgment involved questions of fact and would necessarily entail a review of the factual

record by the Sixth Circuit before the panel could issue a decision, this is not a case appropriate for interlocutory appeal.

## II.   There is not substantial ground for difference of opinion as to the questions on appeal.

The Court need only reach the second question as to whether there is substantial ground for difference of opinion if the Court concludes that its Order involves controlling questions of law. As set forth above, Plaintiff submits there are not controlling questions of law and this case is not appropriate for interlocutory appeal. If the Court reaches the second question as to whether there is substantial ground for difference of opinion, Plaintiff submits that contrary to Defendant's assertion there is not substantial ground for difference of opinion and interlocutory appeal is still not appropriate.

This Court held there was a factual dispute as to whether there was direct evidence of race discrimination and an adverse employment action. ECF No. 35, PageID. 728. It is well-established that direct evidence can create a factual dispute of race discrimination and that an adverse employment action includes  actions taken by the employer which materially change the terms and condition of employment. There is no

substantial ground for difference of opinion as to these questions on appeal. Accordingly, if the Court reaches this issue, it should find that there is no substantial ground for difference of opinion as to the questions on appeal.

### A. This Court's holding that there is a genuine issue of material fact of direct evidence is substantially guided by previous decisions.

The Sixth Circuit and other circuits have held race discrimination can be shown by direct evidence which is, "that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Amini v. Oberlin Coll.,* 440 F.3d 350, 359 (6th Cir. 2006). In denying summary judgment, this Court held there was a factual dispute of direct evidence that race discrimination was at least a factor in the employer's actions.  Defendant attempts to narrow the decisions involving direct evidence to a verbal or written statement made explicitly by the Defendant expressing discriminatory animus.  Defendant cites language in *Amini* stating, "evidence of discrimination is not considered direct evidence <u>unless a racial motivation is explicitly expressed</u>." (Emphasis added). Even the *Amini* case cited by Defendant does not suggest the racial  motivation

must be explicitly expressed <u>by the Defendant</u>. If the racial motivation is adopted by the Defendant, there is a factual dispute of direct evidence under the law. As this Court pointed out in its decision, "other direct evidence of discrimination includes 'any statement or document which shows on its face that an improper criteria such as a basis-not necessarily the sole basis, but a basis-for the adverse employment action.'" ECF No. 35, PageID. 734, citing *Fabela v. Socorro Independent School Dist.*, 329 F.3d 409, 415 (5th Cir. 2003).

The Sixth Circuit has also held remarks by those who significantly influenced the decision-making process can constitute direct evidence. *Sharp v. Aker Plant Scrvs. Group* 726 F.3d 789, 798 (6th Cir. 2013).

This Court held there was a genuine issue of material fact of direct evidence of discrimination because Plaintiff told Kopriva just before the reassignment that the patient had called her a "black bitch", the patient told Kopriva she did not want a black nurse, and Kopriva testified the patient saying she did not like Plaintiff's attitude was not a legitimate reason to reassign Plaintiff. ECF No. 35 PageID. 734-735.  A reasonable jury could conclude that the evidence, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor.  Contrary

to Defendant's argument, this Court's Order is not the first case deciding that a factual dispute exists as to direct evidence of discrimination. Accordingly, an interlocutory appeal is not appropriate.

### B. This Court's holding that there is a genuine issue of material fact of an adverse employment action is substantially guided by previous decisions

Contrary To Defendant's assertion the cases cited by the Court finding a genuine issue of material fact on whether there is an adverse employment action for purposes of Title VII and Elliott-Larsen are not distinguishable from the instant case and, therefore, the Court's decision was guided by precedent.

First, although Defendant is not arguing Plaintiff must show an adverse employment action in order to assert a § 1981 claim, the Defendant in the *Patterson v. UPMC S. Hills Health Sys. Home Health, L.P.,* 2005 U.S. Dist. LEXIS 47610, attached as Exhibit 13, maintained the plaintiff had to show an adverse employment action. In responding to that argument, the Federal District Court held, "even in the absence of a monetary loss, job assignments based on race constitute adverse employment actions because such assignments effect the terms and conditions of employment." Accordingly, while the claim was brought

under Section 1981, the Court specifically ruled on whether there was an adverse employment action based on similar facts to the present.

Defendant also claims that *McCrary v. Oakwood Healthcare, Inc.*, 170 F.3d 981, 989 (E.D. Mich. 2016), did not address whether there was an adverse employment action under either Title VII or ELCRA. Contrary to Defendant's assertion, the case involved both a § 1981 and ELCRA claim brought by the Plaintiff.   In denying the motion for summary judgment, the Honorable Linda V. Parker of this Court found there was factual dispute on whether there was an adverse employment action for purposes of  § 1981 and ELCRA.

Finally, Defendant simply disagrees with the Court's interpretation of *Crane v. Mary Free Bed Rehab. Hosp.*, 634 Fed. Appx. 518, 2015 attached as Exhibit 14.   This Court found that because *Crane* was not a direct care worker, that case was distinguishable from the present case. Notably, the Sixth Circuit decision in *Crane* did not disturb the lower Court's holding that race-based employment assignments are inherently adverse. *See Crane v. Mary Free Bed Rehab. Hosp., 2015 U.S. Dist. LEXIS 182064,* 2015, attached as Exhibit 15.

Defendant cites *Marotta v. Ford Motor Co.*, 119 F. Supp. 3d 677, 676 (E.D. Mich. 2015), which held a temporary reassignment to other tasks due to a shortage of work in the plaintiff's department did not involve a change in hours or salaries and, therefore, was not an adverse employment action. The case cited by Defendant did not involve a race-based reassignment, nor did it involve direct evidence of a discriminatory reassignment. Moreover, in the present case, not only was Plaintiff reassigned, she was segregated from providing care in the patient room, and she was forced to give a report to the oncoming nurse, even though she had not cared for the patients in that room for several hours thereby jeopardizing her license. All of these factors support there is a genuine issue of material fact that Plaintiff suffered an adverse employment action because of the race-based reassignment. Accordingly, there are not clear and substantial grounds for difference of opinion as to the Court's holding, and the question is not appropriate for interlocutory appeal.

### III.   An immediate appeal from the Order would not materially advance the ultimate termination of this litigation.

The Defendant's final hurdle for certification for interlocutory appeal, is to demonstrate that an appeal will materially advance the ultimate termination of this litigation.   In support of its argument, Defendant cites *Newsome, supra,* holding that an interlocutory appeal advances the litigation when it, "save[s] individual resources and litigation expenses."

The court in *Newsome* found it was significant that the interlocutory appeal would occur early in the proceedings before the parties had incurred substantial time and expense on the litigation. The court held, "interlocutory appeal is most appropriate early in the proceedings. In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." *Newsome*, supra at p. 876, *citing W. Tenn. Chptr. of Assoc. Builders & Contrs., Inc., v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000).   In the Newsome case, there was very limited discovery, no depositions, no written discovery other than as to the number of employees within seventy-five miles, and no scheduling order

had been entered.   In the present case, Defendant's Motion for Certification for Interlocutory Appeal comes just before trial, after discovery has been closed, and after significant time and expenses have already been expended on this litigation.  Notably, the Defendant took 36 days to file this motion for certification for interlocutory appeal.

Defendant is only correct on its argument that if the Court of Appeals agreed there was not a factual dispute of direct evidence of discrimination, then all of Plaintiff's claims would fail. However, that same thing can be said about any appeal.  As to the issue of whether Plaintiff suffered an adverse employment action, an adverse ruling by the Court of Appeals on solely that issue would not affect the case-Plaintiff's damages for her 1981 claim are the same as her Title VII and ELCRA claims.   Accordingly, a successful appeal on only the latter issue would not advance the ultimate termination of the litigation.  Notably, in the unlikely event the Court reaches this final issue, Defendant cannot overcome that it is not early in this litigation and we are on the brink of trial. Accordingly, interlocutory appeal is not appropriate.

## CONCLUSION

Defendant cannot satisfy the requirements for certification for an interlocutory appeal.   This case, which involves denial of summary judgment, is not an appropriate one for interlocutory appeal. Accordingly, Defendant's motion should be denied.

WHEREFORE, Plaintiff, Teoka S. Williams, respectfully requests that this Honorable Court deny Defendant's Motion to Certify for Interlocutory Appeal its August 26, 2019 Opinion and Order.


Dated: <u>10/4/2019</u>               Respectfully  submitted;

GAFKAY LAW, PLC

<u>/s/Julie A. Gafkay</u>
Julie A. Gafkay (P53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gafkaylaw.com

## CERTIFICATE OF SERVICE

On October 4, 2019 the foregoing pleadings, Plaintiff's Response and Brief In Opposition to Defendant's Motion to Certify Order for Interlocutory Appeal and For Stay of Proceedings  with Exhibits was electronically filed with the Clerk of the Court through the Court's CM/ECF System, which will send notification to such filings to the attorneys of record, Regan K. Dahle, and Michael Griffie.

Respectfully submitted,

/s/Julie A. Gafkay
JULIE A. GAFKAY (P-53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, Michigan 48734
(989) 652-9240
jgafkay@gafkaylaw.com