UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEOKA S. WILLIAMS,
   Plaintiff,

v.
           Case No. 18-12522
           District Judge Victoria A. Roberts
           Mag. Judge Mona K. Majzoub

BEAUMONT HEALTH SYSTEM,
   Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS [ECF No. 41]

Beaumont Health System ("Beaumont") reassigned Teoka Williams ("Williams") — formerly a nurse at Beaumont's Dearborn hospital – after she informed Defendant what a patient said concerning Williams: "I do not want that black bitch taking care of me." Williams claims Beaumont engaged in race discrimination in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and Michigan's Elliott-Larsen Civil Rights Act.

The Court entered an order denying Beaumont's motion for summary judgment. Beaumont now moves to certify an order for interlocutory appeal and stay the proceedings.

A district court may grant permission to a party to appeal a non-final order if: (1) the challenged directive "involves a controlling question of law";

1

(2) a "substantial ground for difference of opinion" exists regarding the correctness of the decision; and, (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

A decision "involves a controlling question of law" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Services, Inc.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992).

There are "'substantial grounds for difference of opinion' when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164, at *3 (E.D. Mich. Mar. 10, 2010) (citing *In re City of Memphis*, 293 F.3d at 350-51). District courts in this circuit have held that this occurs where: (1) an issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit concerning the issue; or, (3) the circuits are split on the issue. *Id.* (citing *Gaylord Entm't. Co. v. Gilmore Entm't. Grp.*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001)).

A careful examination of the record suggests that Beaumont's claims do not warrant interlocutory review by the Sixth Circuit Court of Appeals. Beaumont does not present new evidence in support of its certification for interlocutory appeal. Nor does it does it submit novel positions or

arguments that have not been addressed and resolved in earlier proceedings. Instead, Beaumont raises the same issues ruled upon by the Court in its Order [ECF No. 30] and does not demonstrate a palpable error.

Further, the court does not find there to be a controlling question of law or one that, if resolved, could materially advance the ultimate termination of this matter. Beaumont says its request for certification of an immediate interlocutory appeal is based upon purely legal issues that might materially advance the ultimate termination of this lawsuit if resolved by the Sixth Circuit. The Court disagrees with Beaumont's framing of the issues. This case presents questions for the jury and a factual dispute over whether Beaumont (1) directly discriminated against Williams and (2) caused Williams to suffer an adverse employment action by altering the terms and conditions of her employment.

The legislative history of 28 U.S.C. § 1292(b) suggests that Congress intended interlocutory appeals to be sparingly permitted. The Sixth Circuit stated:

> It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.

*Kraus v. Bd. of Cty. Road Commissioners of Kent County,* 364 F.2d 919, 922 (6thCir.1966) (quoting *Milbert v. Bison Laboratories, Inc.,* 260 F.2d 431 (3rd Cir.1958)).

There is nothing exceptional about this case.

Beaumont's motion for certification of issues for interlocutory appeal is **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 24, 2019